State v. Phillips

———

STATE OF NORTH CAROLINA v. TERRELL PHILLIPS

No. 723SC416

(Filed 2 August 1972)

1. Narcotics § 4— possession of mescaline — no fatal variance in charge and proof

In a prosecution for possession of narcotic drugs where one witness testified that the narcotic in question was LSD and another that it was mescaline, defendant could not complain of fatal variance between the indictment which charged possession of mescaline and the proof, since there was evidence from which the jury could find the narcotic in question to have been the exact substance described in the indictment.

2. Narcotics § 1— mescaline — LSD — narcotic drugs

Mescaline and LSD are narcotic drugs within the meaning of the Narcotic Drug Act. G.S. 90-87(9).

APPEAL by defendant from *Rouse, Judge,* 8 November 1971 Session of Superior Court held in CRAVEN County.

Defendant was tried under a bill of indictment providing the following:

> "THE JURORS FOR THE STATE UPON THEIR OATH PRE-SENT, That Terrell Phillips late of the County of Craven on the 18th day of May 1971 with force and arms, at and in the County aforesaid, did unlawfully, wilfully, and feloniously possess narcotic drugs in violation of the Uniform Narcotic Drug Act. The drugs in question consisted of 99 capsules of Mescaline.
> against the form of the statute in such case made and provided and against the peace and dignity of the State."

Defendant waived his right to counsel and entered a plea of not guilty. The jury found him guilty and judgment was entered sentencing him to imprisonment for a maximum term of eighteen months and ordering that he be committed as a youthful offender.

Notice of appeal was given in open court and the trial judge, after determining defendant to be indigent, appointed counsel to perfect his appeal.

*Attorney General Morgan by Associate Attorney Baxter for the State.*

*Robert G. Bowers for defendant appellant.*

GRAHAM, Judge.

[1] Defendant contends that there was a fatal variance between the indictment and proof in that the indictment charged that the narcotics in question were mescaline capsules and the proof was that they were lysergic acid diethylamide (LSD). It is true that one of the State's witnesses identified the capsules in question as containing LSD. However, another witness for the State testified without objection that they were mescaline. Therefore, there was evidence from which the jury could find the narcotics in question to have been the exact substances described in the indictment. Defendant did not except to the court's charge as to what it was necessary for the jury to find in order to find defendant guilty as charged in the bill of indictment. For these reasons we overrule defendant's conten-

tion and do not decide whether a fatal variance would be present if all of the State's evidence had been that the capsules found in defendant's possession were LSD and not mescaline as stated in the bill of indictment.

[2]    Defendant also contends that neither mescaline nor lysergic acid diethylamide is a narcotic drug. This contention is without merit. Provisions of the Narcotic Drug Act in effect at the time of defendant's arrest and trial define "Narcotic drugs" to include "mescaline" and "lysergic acid diethylamide," as well as other psychedelic or hallucinogenic drugs. G.S. 90-87(9) (Supp. 1969).

No error.

Judges PARKER and VAUGHN concur.